**Dean RICHARDSON, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–935.

Court of Appeals of Alaska.

Oct. 4, 1985.

Nelson Traverso, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Bill D. Murphree, Asst. Dist. Atty., Fairbanks, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J. and COATS and SINGLETON, JJ.

OPINION

COATS, Judge.

Dean Richardson was convicted, based on his *nolo contendere* plea, of robbery in

---

the first degree, AS 11.41.500(a)(1) which provides:

(a) A person commits the crime of robbery in the first degree if the person violates AS 11.41.510 and, in the course of violating that section or in immediate flight thereafter, that person or another participant

(1) is armed with a deadly weapon or represents by words or other conduct that either that person or another participant is so armed;

Judge Gerald Van Hoomissen sentenced Richardson under the provisions of AS 12.-55.125(c) which provides in part:

(c) A defendant convicted of a class A felony may be sentenced to a definite term of imprisonment of not more than 20 years, and shall be sentenced to the following presumptive terms, subject to adjustment as provided in AS 12.55.155–12.55.175:

(1) if the offense is a first felony conviction and does not involve circumstances described in (2) of this subsection, five years;

(2) if the offense is a first felony conviction, other than for manslaughter, and the defendant possessed a firearm, used a dangerous instrument, or caused serious physical injury during the commission of the offense, or knowingly directed the conduct constituting the offense at a uniformed or otherwise clearly identified peace officer, fire fighter, correctional officer, emergency medical technician, paramedic, ambulance attendant, or other emergency responder who was engaged in the performance of official duties at the time of the offense, seven years;

Since robbery in the first degree is a class A felony, and since Richardson used a firearm in committing the robbery, Judge Van Hoomissen sentenced him to seven years' imprisonment under the provisions of AS 12.55.125(c)(2). *See Burks v. State*, 706 P.2d 1190 (Alaska App., 1985).

Richardson points out that had he not used a firearm in the commission of the robbery he would only have been convicted of second degree robbery, a class B felony, under AS 11.41.510 which provides in part:

(a) A person commits the crime of robbery in the second degree if, in the course of taking or attempting to take property from the immediate presence and control of another, the person uses or threatens the immediate use of force upon any person with intent to

. . . .

(2) compel any person to deliver the property or engage in other conduct which might aid in the taking of the property.

He points out that because he used a firearm in the robbery his offense was raised from a class B to a class A felony, and his sentence for this class A felony was enhanced under AS 12.55.125(c)(2). He argues that he was therefore punished twice for his use of the firearm during the commission of the crime, and that this constitutes double jeopardy under article I § 9 of the Alaska Constitution.

We see no merit in Richardson's argument. The legislature has authority to define what conduct constitutes a crime and what constitutes an appropriate sentence for that crime. *Nell v. State*, 642 P.2d 1361, 1368 (Alaska App.1982). Essentially, the legislature has set up a scheme where a first felony offender who commits a robbery with a firearm is subject to a seven-year presumptive sentence. Although the use of the firearm in the robbery results both in the defendant having committed a more serious offense and the defendant facing a more serious sentence, the defendant has still only been punished once for that crime. We conclude that sentencing Richardson for robbery in the first degree under the provisions of AS 12.55.125(c)(2) did not violate the double jeopardy provisions of the Alaska Constitution.

AFFIRMED.