STATE of Alaska, Appellant,

v.

Alexander RESEK, Jr., Appellee.

STATE of Alaska, Appellant,

v.

Thomas FRUICHANTIE, Appellee.

Johnny McBETH, Petitioner,

v.

STATE of Alaska, Respondent.

Nos. A–591, A–634 and A–680.

Court of Appeals of Alaska.

Oct. 11, 1985.

John B. Gaguine, Asst. Dist. Atty., and Norman C. Gorsuch, Atty. Gen., Juneau, for appellant in Nos. A–591, A–634, and for respondent in No. A–680.

David V. George, George & Allison, PC, Juneau, for appellee in No. A–591.

James W. McGowan, Asst. Public Defender, Sitka, and Dana Fabe, Public Defender, Anchorage, for appellee in No. A–634.

Robert Reed Shelley, Juneau, for petitioner in No. A–680.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

In three unrelated prosecutions, Alexander Resek, Jr., Thomas Fruichantie, and Johnny McBeth were prosecuted for introducing marijuana into penal institutions in which they were confined. The state relied upon AS 11.56.375,[1] and AS 11.56.380.[2]

Judge Pegues and Judge Craske held, respectively, in the cases of *Resek* and *Fruichantie,* that the term "controlled substance" in AS 11.56.375 did not include marijuana. In *McBeth,* Judge Carpeneti reached the contrary conclusion. The issue is purely one of law about which we may exercise our independent judgment. *See Dye v. State,* 650 P.2d 418, 420 n. 5 (Alaska App.1982), *citing Yukon Equipment Inc. v. Fireman's Fund Insurance Co.,* 585 P.2d 1206, 1210 (Alaska 1978). Having carefully considered the parties' arguments and the statutes in question, we conclude that marijuana was a controlled substance at the time that Resek, Fruichantie, and McBeth allegedly introduced it into their correctional facilities. Consequently, we reverse the judgment in *Resek,* A–591 and *Fruichantie,* A–634 and affirm the judgment in *McBeth,* A–680. Our reasons follow.

## DISCUSSION

Neither AS 11.56.375 nor AS 11.56.380, which outlaws the promotion of contraband—including controlled substances—in correctional facilities, defines "controlled substance." Thus, we must refer to the general definition in the revised code for guidance.

At the time Resek, Fruichantie, and McBeth allegedly possessed marijuana

1. Alaska Statute 11.56.375 provides:
   (a) A person commits the crime of promoting contraband in the first degree if the person violates AS 11.56.380 and the contraband is
   ....
   (3) a controlled substance.

2. Alaska Statute 11.56.380 provides in part:
   (a) A person commits the crime of promoting contraband in the second degree if the person
   (1) introduces, takes, conveys, or attempts to introduce, take, or convey contraband into a correctional facility; or
   (2) makes, obtains, possesses, or attempts to make, obtain, or possess anything that person knows to be contraband while under official detention within a correctional facility.

while imprisoned, the revised code defined "controlled substance" as follows:

"Controlled substance" has the meaning ascribed to it in AS 11.71.900(4). AS 11.81.900(b)(6). Alaska Statute 11.71.-900(4), in turn, provides that:

"Controlled substance" means a drug, substance, or immediate precursor included in the schedules set out in AS 11.71.140–11.71.190.

Marijuana is included in the schedule set out in AS 11.71.190, and therefore is a "controlled substance."

Judges Pegues and Craske reached a contrary conclusion. Apparently, Judges Pegues and Craske accepted the defendants' arguments that the term "controlled substance" must be given the meaning set out in the repealed version of AS 11.81.-900(b)(6).[3] We are satisfied that Judges Pegues and Craske erred. The definitions found in AS 11.81.900 apply throughout the revised code. As of January 1, 1983, the revised code clearly defined controlled substances to include marijuana. Alexander Resek, Jr., was indicted for activity that allegedly occurred on March 1, 1984. Fruichantie and McBeth, likewise, were indicted for activity that took place substantially after the 1982 amendment to AS 11.81.-900(b)(6).[4]

Our conclusion is consistent with the rules of statutory interpretation as set forth in AS 01.10.040.[5]

The judgments of the superior courts in *State v. Resek*, A–591 and *State v. Frui-* *chantie*, A–634 are REVERSED. The judgment of the superior court in *McBeth v. State*, A–680 is AFFIRMED.

---

**3.** Prior to January 1, 1983, AS 11.81.900(b)(6) provided:

 "Controlled substance" means (A) a narcotic drug as defined in AS 17.10.230; or (B) a depressant, hallucinogenic, or stimulant drug, other than cannabis as defined in AS 17.12.-150.

 Alaska Statute 17.12.150, repealed effective January 1, 1983, in turn defined cannibis to include "all parts of the plant Cannabis Sativa L.," the marijuana plant.

**4.** Judge Pegues viewed the amendment to AS 11.81.900(b)(6) as an "implied amendment" to AS 11.56.375(a)(3). It is clear however, that AS 11.81.900(b)(6) amended the phrase "controlled substance" to include marijuana. *See, e.g.,* AS 11.71.900(4), to which AS 11.81.900(b)(6) refers.

**5.** Alaska Statute 01.10.040 provides:

 Words and phrases shall be construed according to the rules of grammar and according to their common and approved usage. Technical words and phrases and those which have acquired a peculiar and appropriate meaning, whether by legislative definition or otherwise, shall be construed according to the peculiar and appropriate meaning.

 This statute is in accord with the general rule governing the application of statutory definitions. 1A C. Sands, *Sutherland Statutory Construction* §§ 20.08, 27.01, 27.02 (4th ed. 1972); 2A § 47.07 (4th ed. 1973).