Leonard CLELAND, Appellant,

v.

STATE of Alaska, Appellee.

Kenneth C. WILSON, Appellant,

v.

STATE of Alaska, Appellee.

David J. RUSSI, Appellant,

v.

STATE of Alaska, Appellee.

Lawrence A. DELY, Jr. Appellant,

v.

STATE of Alaska, Appellee.

James GOHR, Appellant,

v.

STATE of Alaska, Appellee.

Jon A. BURNS, Appellant,

v.

STATE of Alaska, Appellee.

Darryl G. STEWART, Appellant,

v.

STATE of Alaska, Appellee.

Charles S. RHODES, Appellant,

v.

STATE of Alaska, Appellee.

Nos. A–1816, A–1820, A–1918, A–1958, A–1973, A–2012, A–2013 and A–2034.

Court of Appeals of Alaska.

July 29, 1988.

Craig J. Tillery, Alex Swiderski, Asst. Public Defenders, Palmer, and Dana Fabe, Public Defender, Anchorage, for appellants.

John A. Scukanec, Asst. Atty. Gen., Office of Special Prosecutions and Appeals,

Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ. Judges.

## OPINION

SINGLETON, Judge.

These eight cases, consolidated on appeal, present a constitutional challenge to the felony classification for possession of marijuana in a correctional facility. This court exercises its independent judgment on this purely legal issue. *State v. Resek*, 706 P.2d 706, 707 (Alaska App.1985).

### FACTS AND PROCEEDINGS

All eight defendants were indicted separately for promoting contraband in the first degree. AS 11.56.375(a)(3). The indictments charged them with possessing marijuana while incarcerated in the Palmer Correctional Center. Each defendant moved to dismiss his indictment on constitutional grounds, claiming that the statute was arbitrary and violated due process because it punished the crime of possession of marijuana in a correctional facility more severely than the crime of possession of alcohol in a correctional facility. Possession of marijuana in a correctional facility is a class C felony, and possession of alcohol in a correctional facility is a class A misdemeanor. AS 11.56.375–.380.[1]

Superior Court Judge Beverly W. Cutler held an evidentiary hearing on the motions to dismiss filed by Leonard Cleland, Kenneth C. Wilson, and James Gohr. The defendants presented Dr. Andrew Thomas Weil, who testified telephonically. Dr. Weil has been employed at the Arizona College of Medicine in Tucson, Arizona, where he lectured on substance abuse. He has extensive research and clinical experience with drugs and psychoactive plants. He had previously testified as an expert witness in numerous trials, including the trial in *State v. Erickson*, 574 P.2d 1 (Alaska 1978), in which the supreme court, on appeal, upheld the constitutionality of the statutory classification of cocaine as a narcotic.

Dr. Weil testified that the effect of marijuana on the brain is not clearly understood, but the effect of alcohol on the brain is known to be very strong. Alcohol predictably depresses nerve and brain function, initially slowing down the higher centers of the brain. As the dose increases, the effects move to the lower centers of the brain, and eventually will cause unconsciousness and death. The initial removal of control resulting from the depressant effect on the higher brain center will often release aggression and produce combative behavior. In contrast, Dr. Weil testified, marijuana has no known pharmacological effect on the brain which releases aggression. The effects of marijuana apparently depend on the expectations of the user, the environment or setting, and the drug itself. Hence, marijuana does not predictably produce aggressive behavior. Instead, it often produces passive behavior, fulfilling the user's expectations.

The defense also presented questionnaire forms filled out by more than sixty employees at the Palmer Correctional Center. Most of the employees responded that alcohol created more discipline problems in the prison than marijuana. Some noted, however, that alcohol and marijuana were

---

1. Alaska Statute 11.56.375 provides:
   *Promoting contraband in the first degree.*
   (a) A person commits the crime of promoting contraband in the first degree if the person violates AS 11.56.380 and the contraband is:
   (1) a deadly weapon;
   (2) an article that is intended by the defendant to be used as a means of facilitating an escape; or
   (3) a controlled substance.
   (b) Promoting contraband in the first degree is a class C felony.
   Alaska Statute 11.56.380 provides:

   *Promoting contraband in the second degree.*
   (a) A person commits the crime of promoting contraband in the second degree if the person
   (1) introduces, takes, conveys, or attempts to introduce, take or convey contraband into a correctional facility; or
   (2) makes, obtains, possesses, or attempts to make, obtain, or possess anything that person knows to be contraband while under official detention within a correctional facility.
   (b) Promoting contraband in the second degree is a class A misdemeanor.

equally disruptive, that marijuana transactions and debts often generated fights, and that marijuana inhibited inmates' motivation to work and to participate in programs within the facility. In addition, staff members reported that when correctional officers apprehended inmates in possession of marijuana, the inmates often assaulted the officers.[2]

Judge Cutler denied the motions, accepting the state's arguments that the legislature intended to classify marijuana smuggling or possession in prison as a felony, and that this classification was reasonably justified. She also found that the legislative purpose for outlawing marijuana was not solely to maintain order, and that one purpose of imprisonment is to deprive prisoners of some of the things that make life pleasant. She therefore found that the statute did not violate due process or equal protection.

Cleland pled not guilty. A jury found him guilty after trial. Wilson and Gohr pled *nolo contendere,* reserving their right to appeal the denial of their motions to dismiss. *Oveson v. Anchorage,* 574 P.2d 801, 803 (Alaska 1978); *Cooksey v. State,* 524 P.2d 1251, 1256 (Alaska 1974). Judge Cutler also denied the identical motions to dismiss filed by David J. Russi, Lawrence Dely, Jr., Darryl G. Stewart, Jon A. Burns, and Charles S. Rhodes. These five defendants also preserved the constitutional issue raised in the motions to dismiss by entering *Cooksey* pleas. These appeals follow.

## DISCUSSION

■ Cleland [3] argues that the legislature did not intend to make possession of marijuana in a correctional facility a class C felony, but did so inadvertently in reclassifying marijuana as a controlled substance in the 1982 Controlled Substances Act.

We have already held that the legislature intended possession of marijuana in prison to be a violation of the statute prohibiting the promotion of contraband. *Resek,* 706 P.2d at 708. We reasoned that the definition of marijuana as a controlled substance, found in AS 11.71.900 and AS 11.71.190, applies throughout the penal code. *Id.* Cleland is apparently asking this court to overrule *Resek* and hold that the legislature did not intend to make possession of marijuana in a correctional facility a felony under AS 11.56.375 by amending the definitions in AS 11.71.900.

Our holding in *Resek* is consistent with the rules of statutory interpretation as set forth in AS 01.10.040, which reads:

> Words and phrases shall be construed according to the rules of grammar and according to their common and approved usage. Technical words and phrases and those which have acquired a peculiar and. appropriate meaning, whether by legislative definition or otherwise, shall be construed according to the peculiar and appropriate meaning.

Generally, criminal statutes should be strictly construed. *See State v. Rice,* 626 P.2d 104 (Alaska 1981); 3 N. Singer, *Sutherland Statutory Construction* § 59.03 (4th ed. 1974). Nevertheless, as we have previously noted: "Statutes relating to the same subject matter should be read together as a whole in order that a total scheme evolves which maintains the integrity of each act and avoids ignoring one provision over another." *Conner v. State,* 696 P.2d 680, 682 n. 3 (Alaska App.1985). Furthermore, "to ignore a definition section is to refuse to give legal effect to a part of a statutory law of the state." 1A *Sutherland, supra,* § 27.02. Therefore, we find no reason to overturn our holding in *Resek* that the definition of marijuana as a controlled substance applies to the contraband statute.

---

**2.** The reason for this, in some staff members' view, is that the penalty for possessing marijuana is stiffer than the penalty for assaulting an officer when resisting arrest. *Compare* AS 11.-56.375 (possession of marijuana in correctional facility is class C felony) *with* AS 11.56.700 (resisting arrest with force is class A misdemeanor).

**3.** Although we refer only to Cleland in our discussion, all eight appellants present the same arguments in a single brief. Therefore our discussion applies to the arguments of all appellants.

Cleland also argues that the statutory scheme violates due process because it punishes the crime of possession of marijuana in a correctional facility more severely than the more serious crime of possession of alcohol in a correctional facility. He claims that the contraband statutes prohibiting the possession of marijuana and alcohol are not reasonably designed to remedy the "evil which clearly presents the greater threat," *i.e.*, alcohol.

Although Cleland presented substantial evidence of the problems stemming from alcohol abuse encountered by the personnel at the Palmer Correctional Center, the task of evaluating this evidence to determine which evils to regulate is not left to the courts. In *Erickson*, the Alaska Supreme Court upheld the legislative definition of cocaine as a narcotic, regardless of evidence that it was not pharmacologically defined as a narcotic. It is the legislature's function to evaluate the scientific evidence concerning drugs and their effect on health and welfare; it is not the function of the appellate courts. *Erickson*, 574 P.2d at 17; *Ravin v. State*, 537 P.2d 494, 505 n. 44 (Alaska 1975). The legislature is authorized to define a crime and the appropriate sentence for that crime. *Richardson v. State*, 706 P.2d 1188, 1189 (Alaska App. 1985). The courts, of course, will reject a legislative definition if it deprives a person of liberty or property without due process of law. U.S. Const. amend. XIV, § 1; Alaska Const., art. I, § 7.

We recognize that alcohol may create more disciplinary problems in the correctional facility than marijuana. Nevertheless, the danger posed by alcohol in prison is diminished because it is easier to conceal marijuana than it is to conceal containers of alcohol. More significantly, many of the inmates may possess and consume alcohol legally upon their release. In contrast, they may possess marijuana legally upon their release only within their own homes and only if the quantity is less than four ounces. *Ravin*, 537 P.2d at 511. It is not irrational to impose stricter sanctions for possession of marijuana in prison if stricter sanctions apply to marijuana users outside of prison. Alcohol is not a controlled substance; hence an individual using, selling, or possessing alcohol is not subject to the criminal sanctions contained in Chapter 71 of Title 11 of the Alaska Statutes. AS 11.71.010–.900. Alcohol use is instead regulated under Title 4 of the Alaska Statutes. An individual or business may acquire a license to serve or sell alcoholic beverages, AS 04.11.010, .080, provided that the local option to prohibit alcohol sales has not been invoked. *See* AS 04.11.490–.500. No license is available to sell marijuana; sales are illegal under all circumstances. Sale of over one ounce of marijuana is a class C felony. AS 11.71.040(2).

Although sale of alcohol without a license is now a class C felony, AS 04.16.200, *as amended by* ch. 27, SLA 1988, this does not detract from the fact that in many parts of this state, alcohol is legally sold and consumed. In local areas which have exercised the option to prohibit alcohol sales, but not possession, an individual may store and possess unlimited quantities of alcohol in his or her home. In contrast, possession of four ounces or more of marijuana anywhere is a class B misdemeanor. AS 11.71.060(a)(4), (b). Thus, the contraband statute is not inconsistent with the respective legal treatment of alcohol and marijuana for the general population. Moreover, our supreme court has stated that it is not irrational to regulate marijuana use more stringently than alcohol use even if marijuana poses less danger to society. *Ravin*, 537 P.2d at 512.

Because, under Alaska law, possession of marijuana is a more serious offense than possession of alcohol in most circumstances, the cases Cleland relies on from other jurisdictions do not apply. In those cases, it was clear that one offense was more serious than the other. *See, e.g., State v. O'Neill*, 200 Conn. 268, 511 A.2d 321 (1986) (arson murder is a more serious crime than simple arson); *People v. Wagner*, 89 Ill.2d 308, 60 Ill.Dec. 470, 433 N.E.2d 267 (1982) (sale of controlled substances is more serious than the sale of imitation controlled substances). It is not clear that possession of alcohol is the more serious crime, in light of its legal status for the general

population. Therefore the statute punishing possession of marijuana in a correctional facility more severly than possession of alcohol does not violate due process.

Cleland also claims that the statutory scheme deprives him of equal protection. U.S. Const.Amend. XIV; Alaska Const. art. 1, § 1. He argues that classification of marijuana with all other controlled substances in the contraband statute is not substantially related to the legislative goals of regulating drugs which adversely affect the health and welfare of society and maintaining order within the state's correctional facilities.

The Alaska Supreme Court has rejected the rigid two-tier equal protection analysis traditionally applied by the federal courts. Instead, it has adopted a single flexible test dependent on the importance of the right infringed upon. *Kenai Peninsula Borough v. State,* 743 P.2d 1352, 1371 (Alaska 1987); *Alaska Pacific Assurance Co. v. Brown,* 687 P.2d 264 (Alaska 1984); *State v. Ostrosky,* 667 P.2d 1184 (Alaska 1983). *See* Wise, *Northern Lights—Equal Protection Analysis in Alaska,* 3 Alaska L.Rev. 1, 29–32 (1986). The analysis is threefold. The court first must identify the nature of the constitutional interest infringed upon. This factor is the most important, because it will determine the burden that the state bears to justify the legislation. *Kenai Peninsula,* 743 P.2d at 1371 (quoting *Alaska Pacific,* 687 P.2d at 269–70).

The second prong of the analysis is an examination of the purpose of the legislation. If the interest infringed by the statute does not carry substantial weight, the state need only show that the purpose was legitimate. The state's burden to justify the statute's purpose increases with the weight of the right abridged. Thus, the state must show a compelling state interest if the statute impairs a fundamental constitutional right. *Id.*

The court last examines the closeness of the fit between the means employed and the legislative purpose. The level of review again depends on the nature of the interest, and ranges from the requirement of a substantial relationship between the means and ends to a close fit between them. The most fundamental rights infringed upon require the closest fit, *i.e.,* that the purpose cannot be accomplished by a less restrictive alternative. *Id.*

Cleland does not expressly assert that any constitutional interest is infringed upon by the statutory scheme, perhaps because he urges us to apply the equal protection analysis set out in *Erickson,* which begins with an appraisal of the statute's purpose. The Alaska Supreme Court has modified the test since *Erickson,* however, and we look first to the nature of the right. *Kenai Peninsula,* 743 P.2d at 1371.

Although Alaska's residents enjoy a right of privacy which extends to protect their right to possess small quantities of marijuana for personal use in their homes, the constitutional right under the privacy clause does not protect the right to use or possess marijuana as such. *Ravin,* 537 P.2d at 511. It is the sanctity of the home that is protected by the privacy clause, not the use of marijuana. The right to privacy is much less encompassing for those incarcerated in a correctional facility. An inmate does not enjoy the seclusion of a private home or the same rights to privacy as other persons. *See Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (no reasonable expectation of privacy in prison). The United States Supreme Court has noted that "a prison inmate 'retains those [constitutional] rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.'" *Turner v. Safley,* —— U.S. ——, 107 S.Ct. 2254, 2265, 96 L.Ed.2d 64 (1987) (quoting *Pell v. Procunier,* 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974)). The right to possess marijuana is inconsistent with Cleland's "status as a prisoner" and with the penological objectives of rehabilitation and deterrence. *See State v. Chaney,* 477 P.2d 441, 447 (Alaska 1970) (establishing sentencing goals). Thus, the inmate's right to privacy, and hence his or her right to possess marijuana in prison, does not carry substantial weight.

Because the right involved is not substantial, the level of review is low. The state's purpose in regulating and penalizing the possession of marijuana in prison is, as Cleland concedes, to maintain orderly administration of the prisons and to promote the health and welfare of society. These are both legitimate legislative goals, which justify the felony classification of marijuana possession in a correctional facility. *See Erickson,* 574 P.2d at 13. Because marijuana is a controlled substance on the "outside," and the inmate's right to privacy is limited, the greater penalty for its use and possession within correctional facilities is more than substantially related to the legislative purposes of protecting health and welfare, and maintaining order within the correctional facility.[4] Therefore, the contraband statute does not violate the equal protection clauses of the United States and Alaska Constitutions.

Cleland's arguments fail on all three grounds. There is no legislative history to support his contention that the definition of marijuana as a controlled substance is inapplicable to the contraband statute. His due process argument fails because the greater penalty for possession of marijuana than for possession of alcohol is not irrational. Lastly, an inmates' right to privacy is substantially limited, and does not extend to protect the right to possess marijuana in a correctional institution.

The convictions are AFFIRMED.

---

4. We have rejected the *Pirkey/Olsen* rule, *see State v. Pirkey,* 203 Or. 697, 281 P.2d 698, 702–03 (1955); *Olsen v. Delmore,* 48 Wash.2d 545, 295 P.2d 324, 327 (1956), which holds that the equal protection clause precludes conviction of a defendant for an offense with a greater penalty which has the same elements as an offense with a lesser penalty to the extent that both offenses are felonies. We reserved the question whether disparity between felony and misdemeanor penalties for identical offenses would violate equal protection. *Hart v. State,* 702 P.2d 651, 659–63 (Alaska App.1985). Although that is the issue here, even if these offenses are considered synonymous, it is questionable whether the disparity in penalties would violate the equal protection clause.