Dale R. **WALKER**, Appellant,

v.

**STATE** of Alaska, Appellee.

No. A–6994.

Court of Appeals of Alaska.

Nov. 19, 1999.

Rehearing Denied Dec. 13, 1999.

---

**121.** 432 P.2d 607, 616 (Alaska 1967) (quoting *Henne v. Balick,* 146 A.2d 394, 396 (Del.1958)).

William R. Satterberg, Jr., and James E. McLain, Law Offices of William R. Satterberg, Jr., Fairbanks, for Appellant.

Douglas H. Kossler, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

STEWART, Judge.

Two police officers went to Dale R. Walker's home in Fairbanks to "knock and talk" because an anonymous informant reported that marijuana was growing inside his home. Walker showed the officers a bag of marijuana and his indoor marijuana garden that included twenty-six large marijuana plants, seven smaller plants, seventy seedlings, and grow lights.

The grand jury indicted Walker on one count of fourth-degree misconduct involving controlled substances for possessing 25 or more marijuana plants.[1] Walker moved to dismiss that charge claiming that the statute infringed on the right to privacy recognized in *Ravin v. State*.[2] The superior court denied Walker's motion.

At trial, the jury convicted Walker of a lesser offense, fifth-degree misconduct involving controlled substances—possession of eight or more ounces of marijuana.[3] On appeal, Walker claims that this statute is also unconstitutional under *Ravin*.

### Proceedings

At trial, Walker asked Superior Court Judge Niesje J. Steinkruger to instruct the jury on the lesser offenses of fifth-degree

---

1. AS 11.71.040(a)(3)(G).

2. 537 P.2d 494 (Alaska 1975).

3. AS 11.71.050(a)(3)(E).

misconduct involving controlled substances (possessing one-half pound or more of marijuana) and sixth-degree misconduct involving controlled substances (for possessing less than one-half pound of marijuana).[4] Judge Steinkruger granted Walker's request and instructed the jury on both of those lesser offenses. The jury convicted Walker of possessing one-half pound or more of marijuana, the first lesser offense proposed. This appeal followed.

## Discussion

### Did Walker waive his claim in the superior court?

■ The State claims that Walker waived his claim in the superior court. The State argues that Walker never objected to the constitutionality of the offense that the jury convicted him on (only objecting to the constitutionality of the felony that the State had charged him with). The State claims that Walker invited any error by proposing that Judge Steinkruger instruct on the lesser offenses. In support of this invited-error claim, the State cites cases in which a defendant attempted to challenge on appeal the very language or jury instruction that the defendant had proposed to the court below. However, the State cites no case in which the constitutionality of an offense was considered waived or the error invited when a jury convicted a defendant on a lesser-included offense requested by the defendant.

Walker's motion to dismiss raised a broad challenge to the State's power to regulate in-home possession of any amount of marijuana absent proof of an intent to sell. Given the breadth of Walker's challenge, it is clear that Walker's claim applied to the lesser offenses that he requested. We conclude that Walker did not waive his constitutional challenge by

---

**4.** Walker also claims that the present version of sixth-degree misconduct involving controlled substances is unconstitutional. That statute, AS 11.71.060, resulted from the 1990 citizens' initiative. That statute now (purports to) criminalize, "us[ing] or display[ing] any amount of a schedule VIA controlled substance or possess[ing] one or more preparations, compounds, mixtures, or substances of an aggregate weight of less than one-half pound containing a schedule VIA controlled substance." The constitutionality of this

requesting a jury instruction on the lesser offense of fifth-degree misconduct involving controlled substances.

### Walker's privacy claim

■ Walker was convicted under AS 11.71.050(a)(3)(E) for possessing eight ounces or more of marijuana. He contends that this statute violates the right of privacy guaranteed by article I, section 22 of the Alaska Constitution. Specifically, Walker argues that because of the way the Alaska Supreme Court construed the right of privacy in *Ravin v. State*,[5] the legislature has no authority to prohibit people from possessing marijuana in their home, no matter how large the amount, unless the State affirmatively proves that the person intends to sell or otherwise distribute the marijuana to others.

In *Ravin*, the supreme court held that, even though there is no fundamental right to possess or ingest marijuana,[6] people nevertheless have a heightened expectation of privacy with respect to their personal activities within their home. This heightened right of privacy includes the possession of marijuana for purely personal use—unless the government demonstrates a substantial contrary public interest:

> Privacy in the home is a fundamental right, under both the federal and Alaska constitutions. We do not mean ... that a person may do anything at anytime as long as the activity takes place within a person's home. First, [this heightened right of privacy applies only] to possession for purely private, noncommercial use in the home. And secondly, we think that this right must yield when it interferes in a serious manner with the health, safety, rights and privileges of others[,] or with the public welfare....

offense is questionable because of the *Ravin* decision and because of the limitation on revising constitutional provisions by voter initiative. *See Bess v. Ulmer*, 985 P.2d 979, 987 (Alaska 1999). But Walker was not convicted of this offense, so it is not at issue in this case.

**5.** 537 P.2d 494 (Alaska 1975).

**6.** *Id.* at 502.

Thus, we conclude that citizens of the State of Alaska have a basic right to privacy in their homes under Alaska's constitution. This right to privacy would encompass the possession and ingestion of substances such as marijuana in a purely personal, non-commercial context in the home unless the state ... [demonstrates] that proscription of possession of marijuana in the home is supportable by ... a legitimate state interest.[7]

After a lengthy discussion of the effects of marijuana, the supreme court concluded that the State had demonstrated a substantial interest in (a) regulating the use of marijuana by drivers, (b) restricting marijuana to adults only, (c) regulating the use or possession of marijuana in public places, and (d) regulating the buying and selling of marijuana.[8] The supreme court then endorsed the following additional restriction:

Possession at home of amounts of marijuana indicative of intent to sell rather than possession for personal use is likewise unprotected [by article I, section 22].[9]

This sentence from the *Ravin* decision is the crux of Walker's case. Walker construes this sentence to mean that the Alaska Constitution forbids the government from restricting or regulating possession of marijuana in a private residence unless the government affirmatively proves that the possessor intends to sell or distribute the marijuana. But the supreme court's wording suggests otherwise.

Had the supreme court meant what Walker claims—that is, had the court believed that the right of privacy insulates all private possession of marijuana in the home unless the government proves an intent to sell—the court could easily have said this. Instead, *Ravin* speaks of the legislature's valid interest in regulating possession of *"amounts of marijuana indicative* of intent to sell[.]"[10] As just explained, when the supreme court penned this sentence, the court had already declared that the government has a valid

interest in regulating the buying and selling of marijuana. If the government can validly regulate the sale of marijuana, it necessarily follows that the government has a valid interest in regulating the possession of marijuana for purposes of sale. But this interest would apply regardless of the amount of marijuana at issue. If a defendant's intent to sell is the factor that justifies state regulation, it makes no difference (for right of privacy purposes) whether a defendant intends to sell a half-ounce or a half-pound. In both instances, the defendant's intent to sell justifies governmental regulation and intervention.

This being so, the supreme court must have been referring to another concept when the court spoke of *"amounts* of marijuana *indicative* of intent to sell." We believe that the court chose this wording because the court concluded that, even when no intent to sell is proved, the legislature nevertheless has the power to set reasonable limits on the amount of marijuana that people can possess for personal use in their homes.

The Alaska Legislature adopted and endorsed this same interpretation when, in the wake of *Ravin*, the legislature rewrote our State's marijuana possession laws. As enacted by the legislature in 1982,[11] former AS 11.71.060(a)(4) prohibited a person from possessing more than four ounces of marijuana (even if the person had no intent to sell or distribute the marijuana). In its accompanying commentary, the legislature declared:

[T]his legislation is intended to clarify the law in Alaska concerning possession of marijuana, in light of the decision of the Supreme Court of Alaska in *Ravin v. State*, 537 P.2d 494 (Alaska 1975). *Ravin* held that Alaska's constitutional right to privacy protects the possession and use of marijuana by an adult, in the home, in amounts indicative of personal use in a purely personal, non-commercial context. The approach taken in this Act is to define, for purposes of the decision in *Ravin*, an amount which is indicative of personal use,

---

7. *Ravin*, 537 P.2d at 504.

8. *Id.* at 511.

9. *Id.*

10. *Id.* (emphasis added).

11. Ch. 45, § 2, SLA 1982.

and to provide a clear line of demarcation of four ounces, so that citizens of this state will know precisely what conduct is prohibited.[12]

The *Ravin* decision itself does not elaborate on what amount of marijuana might constitute an "amount[ ] . . . indicative of intent to sell." That is, the court did not specify the dividing line where, because of the amount of marijuana involved, the legislature can reasonably regulate personal possession of marijuana in the home, even in the absence of an intent to sell. We need not establish a precise dividing line either.

█ Walker was convicted of violating AS 11.71.050(a)(3)(E), which forbids possession of eight ounces or more of marijuana. To resolve Walker's case, we need only hold— and we do hold—that eight ounces or more of marijuana is an amount large enough to fall within the *Ravin* court's category of "indicative of intent to sell." That is, eight ounces of marijuana is an amount large enough to justify legislative regulation, even though the marijuana is possessed in a residence for purely personal use. Accordingly, AS 11.71.050(a)(3)(E) does not offend the right of privacy guaranteed by article I, section 22 of the Alaska Constitution.

The judgment of the superior court is AFFIRMED.

COATS, Chief Judge, concurring.

Walker contends that *Ravin v. State*[1] prohibits the legislature from criminalizing the possession of any amount of marijuana in the home unless the government can prove an intent to sell. We do not read *Ravin* in this manner. *Ravin* recognizes the right of the government to regulate the possession and use of marijuana, concluding that "possession of marijuana by adults at home for personal use is constitutionally protected."[2] But, in context, it seems clear that *Ravin* does not permit possession of an unlimited amount of marijuana, but creates a limited exemption for possession of small quantities of marijuana in the home. In *Cleland v. State*[3] we stated:

> Although Alaska's residents enjoy a right of privacy which extends to protect their right to possess small quantities of marijuana for personal use in their home, the constitutional right under the privacy laws does not protect the right to use or possess marijuana as such.

In 1982, the legislature passed legislation which criminalized the possession of four or more ounces of marijuana.[4] In that legislation, the legislature recognized and deferred to the *Ravin* decision.[5] I believe that this legislative action was not inconsistent with the *Ravin* decision and was within the "state's police power for the public welfare."[6]

A 1990 initiative enacted current AS 11.71.060, which criminalizes possession of less than one half pound of marijuana. The constitutionality of this statute is questionable because it appears to conflict with *Ravin*, a decision of the Alaska Supreme Court which we are bound to follow. The case before us, however, involves a conviction for possession of more than one half pound of marijuana under AS 11.71.050(a)(3)(E). We conclude that criminalizing the possession of more than one half pound of marijuana does not conflict with the *Ravin* decision.

---

12. Commentary & Sectional Analysis for the 1982 Revision of Alaska's Controlled Substances Laws, *Conference Committee Substitute for Senate Bill No. 190* at 19.

1. 537 P.2d 494 (Alaska 1975).

2. *Id.* at 511.

3. 759 P.2d 553, 557 (Alaska App.1988).

4. Former AS 11.71.060(a)(4).

5. *See* Commentary & Sectional Analysis for the 1982 Revision of Alaska's Controlled Substances Laws, *Conference Committee Substitute for Senate Bill No. 190.* 1982 House Journal 1409.

6. *Ravin,* 537 P.2d at 511.