**David S. NOY, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–8327.

Court of Appeals of Alaska.

Aug. 29, 2003.

Rehearing Denied Nov. 14, 2003.

---

William R. Satterberg, Jr., Law Offices of William R. Satterberg, Jr., Fairbanks, for Appellant.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Gregg D. Renkes, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

STEWART, Judge.

A jury convicted David S. Noy of violating AS 11.71.060(a), which prohibits possession of less than eight ounces of marijuana. The marijuana was found in Noy's home. Noy appeals his conviction, arguing that he was convicted for engaging in conduct (possession of marijuana for personal use in one's home) that is protected by the privacy provision of the Alaska Constitution (article I, section 22).[1]

We agree that Noy may have been convicted for conduct that is constitutionally protected. As we explain here, Alaska citizens have the right to possess less than four ounces of marijuana in their home for personal use. Accordingly, we reverse Noy's conviction. The State remains free to retry Noy if the State believes it can prove that Noy possessed at least four ounces of marijuana.

Noy also claims that the district court should have allowed him to raise the defense of medical necessity. However, as we explain, the district court properly rejected Noy's proposed defense.

### Facts of the case

The North Pole police contacted Noy at his home and told him they smelled growing marijuana. The police searched Noy's house and found approximately eleven ounces of harvested marijuana, consisting of buds, leaves, and stalks. The police also found five immature marijuana plants. The police did not, however, find any scales or packaging material; nor was there any other evidence that Noy was engaged in any commercial conduct involving marijuana.

Except for the immature plants, all the plant material—including the buds, leaves, and stalks—was placed in a paper bag and sent to the state crime lab for identification and weighing. The immature plants were not tested, nor did they form part of the State's case. Ultimately, Noy was charged with possessing more than eight ounces of harvested marijuana.

At trial, however, the State did not offer the paper bag in evidence. Therefore, the jury had to rely on testimony and photographs showing what the police had placed in the bag. Based on the testimony and photographs, the paper bag obviously contained stalks along with buds and leaves. Among other things, the jury was instructed that "[m]arijuana means the seeds, leaves, buds, and flowers of the plant, Cannabis, whether growing or not, but it does not include the stalks of the plants, or fiber produced from the stalks." The jury found Noy not guilty of possessing eight ounces or more of marijuana, but guilty of possessing less than eight ounces.

*Alaska Statute 11.71.060(a)(1), the statute that prohibits possession of less than eight ounces of marijuana under any and all circumstances, violates article I, section 22 of the Alaska Constitution as construed in Ravin v. State*

Noy was convicted under AS 11.71.060(a)(1), which makes it a class B misdemeanor to use or display any amount of marijuana, or to possess "one or more preparations, compounds, mixtures, or substances" containing marijuana "of an aggregate weight of less than one-half pound."[2] This statute criminalizes conduct that the Alaska Supreme Court has declared is protected under article I, section 22 of the Alaska Constitution.

Article I, section 22 states: "The right of the people to privacy is recognized and shall not be infringed. The legislature shall implement this section."

---

1. *See Ravin v. State,* 537 P.2d 494 (Alaska 1975).

2. AS 11.71.060(a)(1) & (b).

In *Ravin,* the Alaska Supreme Court held that this provision of our constitution protects possession of marijuana for personal use in one's home. The court acknowledged that there is no fundamental right to possess or ingest marijuana. Nevertheless, the court held that article I, section 22 gives people a heightened expectation of privacy with respect to their personal activities within their home.[3] The court held that this heightened right of privacy "encompass[ed] the possession and ingestion of . . . marijuana in a purely personal, non-commercial context in the home" unless the state could show that such an intrusion into people's privacy bore "a close and substantial relationship . . . to a legitimate governmental interest"—that is, unless the state proved "that the public health or welfare [would] in fact suffer" if private possession of marijuana were not prohibited.[4]

The supreme court concluded that the state had demonstrated a substantial interest in regulating the use of marijuana by drivers, in prohibiting the use of marijuana by children, in regulating the use or possession of marijuana in public places, and in regulating the buying and selling of marijuana.[5] The supreme court added that the state could validly prohibit "[p]ossession at home of amounts of marijuana indicative of [an] intent to sell rather than possession for personal use."[6] However, the court concluded that the state had shown "no adequate justification for . . . prohibit[ing] possession of marijuana by an adult for personal consumption in the home."[7]

In 1975, following the supreme court's decision in *Ravin,* the Alaska Legislature amended AS 17.12 (the then-existing marijuana laws) to take into account the supreme court's ruling. The legislature exempted marijuana from the normal penalties for pos-session of "depressant, hallucinogenic, or stimulant drugs"[8] and enacted two special provisions governing marijuana possession: former AS 17.12.110(d) and (e).[9]

Former AS 17.12.110(d) prohibited public use of marijuana, possession of more than an ounce of marijuana in a public place, possession of any amount of marijuana while operating a motor vehicle or airplane, and possession of any amount of marijuana by a minor. The maximum penalty for violating these provisions was a fine of $1,000.

Former AS 17.12.110(e) prohibited possession by an adult of one ounce or less of marijuana in a public place. It also prohibited possession by an adult of any amount of marijuana for personal use in a non-public place. This second provision clearly encompassed possession of marijuana in one's home for personal use—conduct that, in *Ravin,* the supreme court had said was protected from governmental intrusion. However, the legislature declared that there was no criminal penalty for violating subsection (e); rather, the offender faced a "civil fine of not more than $100."

Seven years later, in 1982, the legislature moved Alaska's drug laws from Title 17 to Title 11. The provisions of AS 17.12 dealing with marijuana were repealed, and new marijuana provisions were enacted in AS 11.71.[10] In this 1982 revision of the marijuana laws, the legislature dropped the civil fine for possession of marijuana for personal use in a non-public place—thus ending any potential conflict with *Ravin.*

Under the newly enacted AS 11.71.050(a)(3)(E), possession of eight ounces or more of marijuana was made a class A misdemeanor. Under the newly enacted AS 11.71.060(a)(4), possession of four ounces or more of marijuana was made a class B misdemeanor.[11] The legislature also made it a

---

3. *Ravin,* 537 P.2d at 504–12.

4. *Id.* at 504, 511.

5. *Id.* at 511.

6. *Id.*

7. *Id.*

8. Former AS 17.12.110(a), as amended by ch. 110, § 1, SLA 1975.

9. Ch. 110, § 1, SLA 1975.

10. Ch. 45, § 26, SLA 1982 (the repeal of AS 17.12) and § 2 (the enactment of AS 11.71).

11. The 1982 version of AS 11.71.060(a) also prohibited use of marijuana in a public place, or possession of one ounce or more of marijuana in a public place, or possession of any amount of marijuana while operating a motor vehicle, or

violation to possess any amount of marijuana in a public place.[12] However, no statute prohibited possession of less than four ounces of marijuana for personal use in a non-public place.

In other words, following the legislature's 1982 revision of the marijuana laws, there was no penalty (whether criminal or civil) for possessing less than four ounces of marijuana in one's home for personal use. But this changed in 1990.

In the general election of 1990, the voters of Alaska approved a ballot proposition that amended AS 11.71.060(a) and repealed AS 11.71.070.[13] Under the amended (that is, the current) version of AS 11.71.060(a), possession of any amount of marijuana less than eight ounces is a class B misdemeanor.[14] This is the statute that Noy violated.

The question presented in this case is whether AS 11.71.060(a) is constitutional to the extent that it prohibits possession of marijuana by adults in their homes for personal use.

■ On one level, the answer is straightforward. The Alaska Supreme Court ruled in *Ravin* that the right of privacy codified in article I, section 22 of our state constitution protects the right of adults to possess marijuana in their homes for personal use. When a statute conflicts with a provision of our state constitution, the statute must give way.[15] Thus, a statute which purports to attach criminal penalties to constitutionally protected conduct is void.

On a deeper level, the question is whether the voters of Alaska can, through the initiative process, abrogate a constitutional ruling of the Alaska Supreme Court—in particular, the court's ruling in *Ravin* that article I, section 22 of our state constitution protects an adult's right to possess marijuana in the home for personal use. The answer to this question is found in the Alaska Constitution itself. Article XII, section 11 states that the people of this state, through the ballot initiative process, may exercise "the law-making powers assigned to the legislature" (subject to the limitations codified in article XI of the constitution). That is, the initiative process constitutes a method by which the people of this state can directly enact legislation.

■ But just as the statutes enacted through the normal legislative process must not violate the constitution, the statutes enacted by ballot initiative must not violate the constitution.[16] Thus, even though the voters enacted AS 11.71.060(a)(1) through the initiative process, the constitutionality of this statute must be assessed in the same way as if it had been enacted through the normal legislative process. And, as we have said, this statute contravenes the constitutional right of privacy as interpreted by our supreme court in *Ravin*—because it declares that any possession of marijuana by adults in their homes for personal use is a crime.

*Alaska Statute 11.71.060(a) must be limited to preserve its constitutionality*

We have concluded that AS 11.71.060(a)(1) is unconstitutional to the extent that it proscribes marijuana possession that, under the *Ravin* decision, is protected by article I, section 22 of the Alaska Constitution. But this does not mean that the statute is unconstitutional in its entirety. In *Ravin*, the supreme court acknowledged that the legislature could validly prohibit possession of marijuana in the home if the marijuana was of such a quantity as to be "indicative of [possession with] intent to sell rather than possession for personal use." [17] Thus, in *Walker v. State*[18] we held that the legislature could

possession of any amount of marijuana by a person under 19 years of age.

12. Former AS 11.71.070(a)(2).

13. 1990 Initiative Proposal No. 2, §§ 1–2.

14. AS 11.71.060(a)(1) and (b).

15. *See Falcon v. Alaska Public Offices Comm'n,* 570 P.2d 469, 480 (Alaska 1977); *Ravin,* 537 P.2d at 511.

16. *See Alaskans for Legislative Reform v. State,* 887 P.2d 960, 962, 966 (Alaska 1994); *Citizens Coalition for Tort Reform v. McAlpine,* 810 P.2d 162, 168 (Alaska 1991).

17. 537 P.2d at 511.

18. 991 P.2d 799 (Alaska App.1999).

validly prohibit possession of eight ounces or more of marijuana—even if the marijuana was possessed by an adult in their home for personal use.[19]

The question inherent in this analysis is whether, consistent with *Ravin*, the legislature might validly prohibit all instances of marijuana possession in some amount less than eight ounces. As we noted in *Walker*, the *Ravin* decision "does not elaborate on what amount of marijuana might constitute an 'amount ... indicative of intent to sell.' "[20]

Before the marijuana laws were amended by voter initiative in 1990, the Alaska Legislature had (by statute) defined the amount of marijuana that adults could lawfully possess in their home for personal use. Under the pre–1990 statutes governing marijuana possession, an adult could be prosecuted for possessing four ounces or more of marijuana in their home for personal use. Possession of less than this amount was not a crime.[21]

There are no appellate cases testing the constitutionality of the legislature's four-ounce dividing line. However, Noy has not argued that this four-ounce dividing line violates *Ravin*. We note, moreover, that article I, section 22 entrusts the legislature with the duty of implementing the constitutional right of privacy. Given the language of article I, section 22, and given the deference that we should pay to the decision of a co-equal branch of government, we conclude that the legislature's four-ounce dividing line is presumptively constitutional under *Ravin*.

■ Although we have declared that the current version of AS 11.71.060(a) is unconstitutional (because it prohibits conduct that is constitutionally protected), we have a duty to preserve the statute to the extent possible—that is, to the extent that it is consistent with the constitution.[22] The pre 1990 version of the statute contained a four-ounce ceiling on marijuana possession in the home by adults for personal use—a ceiling that is presumptively constitutional. The 1990 voter initiative expanded the scope of AS 11.71.060(a) by eliminating this four-ounce ceiling and declaring that all possession of marijuana by adults in their homes for personal use was illegal. In this new version, the statute violates article I, section 22 of the constitution. To make the statute conform to the constitution again, we must return it to its pre–1990 version.

■ We thus conclude that, with respect to possession of marijuana by adults in their home for personal use (conduct that is protected under the *Ravin* decision), AS 11.71.060(a)(1) remains constitutional to the extent that it prohibits possession of four ounces or more of marijuana. Restricted in this fashion, AS 11.71.060(a)(1) remains enforceable.

*Noy is entitled to a new trial*

■ We have ruled that AS 11.71.060(a) validly continues to prohibit possession of four ounces or more of marijuana, even when the possession is by adults in their home for personal use. But it is possible that the jury convicted Noy even though they believed that he possessed less than this amount. For this reason, we must reverse Noy's conviction.

As explained earlier in this opinion, Noy was prosecuted under AS 11.71.050(a) for possessing eight ounces or more of marijuana. The jury acquitted Noy of this charge, but convicted him under AS 11.71.060(a) for possessing some amount of marijuana less than eight ounces. The problem is that the jury was not asked to determine what lesser amount of marijuana Noy possessed.

■ The State remains free to retry Noy for marijuana possession. However, because the jury acquitted Noy of possessing eight ounces or more of marijuana, the State is collaterally estopped from asserting that Noy possessed eight ounces or more. The State can, however, claim that Noy possessed

---

19. *Id.*

20. *Id.* (quoting *Ravin,* 537 P.2d at 511).

21. *See* former AS 11.71.060 and AS 11.71.070.

22. *See Hoffman v. State,* 404 P.2d 644, 646 (Alaska 1965) (ruling that if a statute may be reasonably construed to avoid unconstitutionality, the court must do so).

**544**

at least four ounces of marijuana—enough to justify a conviction under AS 11.71.060(a)(1) (as we now have limited it).

*Was Noy entitled to raise a common law defense of medical necessity?*

At trial, Noy argued that he was entitled to have the jury decide whether his possession of marijuana was justified by medical necessity under AS 11.81.320. The trial judge, District Court Judge Jane F. Kauvar, ruled that Noy could not avail himself of the normal defense of necessity under AS 11.81.320. Rather, Judge Kauvar ruled, Noy could only assert the affirmative defense for the medical use of marijuana codified in AS 11.71.090.

Judge Kauvar's ruling was based on the wording of AS 11.81.320. This statute declares that the defense of necessity remains available "to the extent permitted by common law" unless "[Title 11 or another] statute defining the offense provides exemptions or defenses dealing with the justification of necessity in the specific situation involved," or unless "a legislative intent to exclude the justification of necessity . . . otherwise plainly appear[s]." [23]

Judge Kauvar noted that the legislature has enacted another statute, AS 11.71.090, that specifically deals with the defense of medical necessity for the possession of marijuana. Because of this, Judge Kauvar ruled that Noy's claim of medical necessity for his possession of marijuana had to be raised and litigated under AS 11.71.090 rather than under the general necessity defense codified in AS 11.81.320.

■ This ruling was correct. The general necessity defense statute, AS 11.81.320, expressly states that a more specific statute takes precedence. Noy asserted that he had a medical need to use marijuana. Alaska Statute 11.71.090 specifically addresses this issue, and defines a separate affirmative defense of medical necessity to possess

marijuana. Noy's claim of necessity was therefore governed by the specific necessity statute, AS 11.71.090, rather than by the general necessity statute, AS 11.81.320.

*Jury instructions*

Noy does not contest the jury instructions that were given at his trial. However, because Noy may be retried, we believe we should address the State's contention that Judge Kauvar inaccurately instructed the jury concerning how to determine the weight of harvested marijuana.

■ Judge Kauvar properly instructed the jury that "[m]arijuana means the seeds, leaves, buds, and flowers of the plant[.]" [24] But Judge Kauvar also instructed the jury that the aggregate weight of a live marijuana plant was "the weight of the marijuana when reduced to its commonly used form." Based on this instruction, Noy urged the jury to consider only the aggregate weight of the "buds" in determining how much marijuana he had possessed. But the "commonly used form" of marijuana is only relevant when a person is charged with possessing live marijuana plants.[25] Noy was only charged with possessing harvested marijuana. Therefore, in the event of a retrial, assuming the State again charges Noy with possessing only harvested marijuana, the district court should not instruct the jury on how to determine the aggregate weight of live marijuana, or allow the parties to argue about the definition of the "commonly used form" of marijuana.

*Conclusion*

To make AS 11.71.060(a)(1) consistent with article I, section 22 of the Alaska Constitution as interpreted in *Ravin*, we must limit the scope of the statute. As currently written, the statute prohibits possession of any amount of marijuana. But with regard to possession of marijuana by adults in their home for personal use, AS 11.71.060(a)(1)

23. AS 11.81.320(a)(1)-(2).

24. *See* AS 11.71.900(14).

25. *See Maness v. State,* 49 P.3d 1128, 1134 (Alaska App.2002) (quoting *Gibson v. State,* 719 P.2d

687, 690 (Alaska App.1986)) (the "commonly used form" language of AS 11.71.080 "refers to the method of calculating the aggregate weight of live marijuana plants").

must be interpreted to prohibit only the possession of four ounces or more of marijuana.

The judgment of the district court is REVERSED.